Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5292 | **DATE** | 6/26/2003 |
| **CASE TITLE** | AMERISURE INSURANCE COMPANY vs. ROLL SERVICE, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Amerisure Insurance Company's Renewed Rule 50 motion for judgment after trial, or in the alternative, for a new trial is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 3 0 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 84 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG | courtroom deputy's initials | 03 JUN 27 PM 1:03 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERISURE INSURANCE COMPANY, ) | Case No. 01 C 5292 |
| Plaintiff, ) | |
| ) | Honorable John W. Darrah |
| v. ) | |
| ) | **DOCKETED** |
| ROLL SERVICE, INC., ) | |
| Defendant. ) | JUN 3 0 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Amerisure Insurance Company ("Amerisure"), filed a single-count complaint against Defendant, Roll Service, Inc. ("Roll Service"), seeking a declaration limiting its liability under an insurance policy. A jury trial was held; and the jury returned a verdict in favor of Roll Service, awarding Roll Service $830,000.00 in damages. Amerisure moves, pursuant to Federal Rule of Civil Procedure 50(b), for judgment after trial or for a new trial pursuant to Rule 59 or for remittitur. For the reasons that follow, Amerisure's motion is denied.

### *Rule 50(b) Motion*

Rule 50(b) provides that, within ten days after entry of judgment, a party may renew its motion for judgment as a matter of law. Fed.R.Civ.P. 50(b). As a federal court sitting in diversity, the Court will apply Illinois law standard in considering Amerisure's motion for judgment as a matter of law. *See Bachenski v. Malnati*, 11 F.3d 1371, 1375 n.3 (7th Cir. 1993). Under Illinois law, "[a] verdict will be upset and a contrary judgment entered only if 'all of the evidence, when viewed in its aspects most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand.'" *Bachenski*, 11 F.3d at 1375 (quoting *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510 (1967)). "In fact, '[t]he court cannot enter . . .

84

judgment [as a matter of law] if there is any evidence, together with reasonable inferences to be drawn therefrom, that demonstrates a substantial factual dispute or where the assessment of the credibility of the witnesses or the determination regarding conflicting evidence is decisive to the outcome.'" *IBJ Whitehall Bank & Trust Co. v. Cory & Assocs., Inc.*, No. 97 C 5827, 2001 WL 1609401, at * 1 (N.D. Ill. Dec. 17, 2001) (quoting *Kapsouris v. Rivera*, 319 Ill. App. 3d 844, 853 (2001)).

Amerisure renews its Motion for Judgment as a Matter of Law, arguing "that there was no legally sufficient evidentiary basis for a reasonable jury to find that the Period of Restoration, as defined in the policy, continued past March 31, 2000." (Amerisure's Renewed Rule 50 Mot. at 1.) Amerisure bases this assertion on the following evidence: (1) the parties stipulated that the replacement oven was designed to be of "similar quality" as the original oven; (2) a quotation by Jensen Oven, the manufacturer of the replacement oven; and (3) the testimony of Cliff Nelson, a Roll Service employee. Specifically, Nelson testified that he believed that he had ordered an oven of "similar quality" as the original oven and that he expected the replacement oven to be fully operational by March 31, 2000. The quotation from Jensen Oven called for delivery of the oven within five to seven weeks from the date of the order, December 6, 1999; and Nelson testified that the oven would be assembled and operating within two to three weeks of delivery. Nelson further testified that he believed the oven would be delivered no later than January 28, 2000. Amerisure further argues, that because Roll Service sought liquidated damages for the six-week delay in delivery and commissioning of the replacement oven, it is undisputed that the oven should have been replaced by March 31, 2000. Amerisure also argues that no reasonable jury could find that the Period of Restoration extended beyond March 31, 2000, because Roll Service did not introduce any

testimony as to when the original oven should have been replaced with one of "similar quality".

The policy defines the Period of Restoration as the period of time that:

    a.    Begins:

        (1) 72 hours after the time of direct physical loss or damage for Business Income coverage ; or

        (2) Immediately after the time of direct physical loss or damage for Extra Expense coverage:

        Caused by or resulting from any Covered Cause of Loss at the described premises; and

    b.    Ends on the earlier of:

        (1) The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

        (2) The date when business is resumed at a new permanent location.

The policy expressly states that the Period of Restoration ended when the oven was replaced with an oven of "similar quality" not an oven that was *designed to be of "similar quality"*. Implicit in the jury's verdict is a determination that the replacement oven, while *designed* to be of "similar quality", was not actually of "similar quality". The jury was free to disregard Jensen Oven's quotation. Furthermore, Roll Service presented testimony of witnesses besides Nelson who testified as to the length of time it actually took to replace the damaged oven with an oven of "similar quality". The jury verdict credits the testimony of these witnesses, rather than Nelson's predictions, as to when the Period of Restoration ended. All of the evidence, when viewed in its aspects most favorable to Roll Service does not so overwhelmingly favor Amerisure such that no contrary verdict based on that evidence could ever stand, *Bachenski*, 11 F.3d at 1375; and, therefore, Amerisure's

Renewed Rule 50(b) Motion for Judgment is denied on this ground.

Amerisure also moves for judgment as a matter of law, arguing that "there was no legally sufficient evidentiary basis for a reasonable jury to find that there were Business Income losses, as defined by the policy, to Roll Service's purported Division II" because, prior to October 19, 1999, Division II had no income and, thus, lost profits for business income are speculative. Amerisure bases this assertion on the following evidence: (1) there were no profits for Division II prior to the loss, (2) Division II was predicted to lose money for the first six months of its operations, (3) Division II had one or two purchase orders from customers, and (4) "there is not a scintilla of evidence before the jury as to the expenses supposedly incurred by Division II prior to the loss."

Under Illinois law:

> the amount of an award of lost profits need not be proven with absolute certainty, [but] the plaintiff bears the burden of proving such damages with reasonable certainty. . . . Illinois courts have not hesitated to reverse damage awards based on false assumptions or data as speculative. . . . [T]he plaintiff must show with reasonable certainty that the defendant's conduct caused a specific portion of the lost profits . . . . A speculative award may be considered erroneous as a matter of law.
> . . .
> Evidence of prior profits is not sine qua non of proof of damages by a business in all circumstances. . . . Nevertheless, Illinois courts have long held as a general rule that while profits lost due to business interruption . . . may be recovered, the business must have been established before the interruption so that the evidence of lost profits is not speculative.

*SK Hand Tool Corp. v. Dresser Indus., Inc.*, 284 Ill. App. 3d 417, 426-27 (1996) (internal citations omitted).

Business Income losses for Division II are not speculative merely because the claim did not contain financial data regarding the company's past performance, along with projections for future income. The evidence adduced at trial by Amerisure was for a limited time period, which jurors

could accept or reject based on the other evidence presented. All of the evidence on this issue, when viewed in its aspects most favorable to Roll Service, does not so overwhelmingly favor Amerisure such that no contrary verdict based on that evidence could ever stand, *Bachenski*, 11 F.3d at 1375; and, therefore, Amerisure's Renewed Rule 50(b) Motion for Judgment is denied on this ground.

## *Motion for a New Trial*

A federal court sitting in diversity applies federal standards when considering a motion for a new trial. *McClain v. Owens-Corning Fiberglas Corp.*, 139 F.3d 1124, 1126 (7th Cir. 1998). Rule 59 provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." Fed.R.Civ.P. 59(a)(1). "A district court may grant a new trial if it finds the verdict against the weight of the evidence." *McClain*, 139 F.3d at 1126. "When a party bases a motion for a new trial on an error of law (such as evidentiary rulings or the form of interrogatories)[,] the party must show that 'the error was substantial enough to deny him a fair trial.'" *Matei v. Cessna Aircraft Co.*, No. 88 C 10536, 1993 WL 303131, at *1 (N.D. Ill. Aug. 9, 1993) (quoting *Perry v. Larson*, 794 F.2d 279, 284 (7th Cir. 1986)).

Amerisure argues that the jury's verdict of $830,000 is against the weight of the evidence because (1) the verdict exceeded Roll Service's Business Income loss claim of $721,134.00; (2) Amerisure had already paid $122,499.00 in Business Income losses on the policy; (3) it included damages for a Period of Restoration beyond March 31, 2000; and (4) the verdict wrongly awarded Business Income losses for Division II. Amerisure argues that the jury based its damages award on their collective personal feelings and not on the evidence or the jury instructions.

Because Amerisure's liability is based on state law, state law governs whether the evidence supports the award of damages. *McClain*, 139 F.3d at 1126. "[A] court reviewing a jury's assessment of damages should not interfere unless a proven element of damages was ignored, the verdict resulted from passion or prejudice, or the award bears no reasonable relationship to the loss suffered. . . . When reviewing a question as to the adequacy of damages, the court must consider the record as a whole." *Snelson v. Kamm*, 204 Ill. 2d 1, 37 (2003).

The jury verdict is not against the great weight of the evidence. The jury was presented with financial records, documentation of the payments made by Amerisure, income projections and schedules prepared by accountants. The jury also heard testimony concerning Roll Service's damages as a direct result of the interruption of operations after the explosion, including the loss of significant contracts and customers. As was discussed in greater detail above, there was sufficient evidence for the jury to determine that the Period of Restoration extended beyond March 31, 2000. There was sufficient evidence for the jury to conclude that the original oven was not replaced with one of "similar quality" until after March 31, 2000. Several witnesses testified on the issue of whether or not the original oven was replaced with one of "similar quality". Trial Exhibit 50 relied upon by Roll Service was only a part of the evidence considered by the jury on this point. The documents and testimony of the witnesses were sufficient to prove when the Period of Restoration ended as determined by the jury.

Furthermore, Business Income losses for Division II were supported by the evidence. As was noted above, the jury was presented with projections by accountants showing future income for Division II as well as testimony from several witnesses who testified that Division II had achieved the sales projections at a later date. This evidence was sufficient for the jury to conclude that Roll

Service was entitled to Business Income losses for Division II.

The damages awarded bear a reasonable relationship to the loss suffered, and the verdict does not seem to have resulted from the jury's personal feelings. Therefore, the jury verdict of $830,000 is not against the great weight of the evidence; and Amerisure's Motion for a New Trial is denied on this ground.

Amerisure next argues that it should be granted a new trial because it was prejudiced by the introduction of testimony and counsel's improper comments about Amerisure's improper claims handling when Roll Service had not asserted a claim for vexatious or unreasonable conduct. Amerisure argues that the testimony and counsel's comments concerning Amerisure's improper claims handling incited the jury and created undue prejudice in that they were unrelated to the fundamental issues to be decided and were improper and that, as a result, it was deprived of a fair trial.

In any event, the introduction of testimony and Roll Service's counsel's comments about how Amerisure handled Roll Service's claim was insubstantial and was harmless. Moreover, the evidence was relevant on the issue of when the Period of Restoration ended. The testimony could also be considered by the jury in determining the credibility of particular witnesses and the weight to be afforded to their testimony. Therefore, Amerisure was not denied a fair trial by the introduction of this evidence, and its Motion for a New Trial is denied on this ground.

Amerisure also moves for a new trial, arguing that the jury was improperly instructed by giving, over its objection, Roll Service's Instructions 7, 8, 9, 10 (Revised), 13 and 14, and the refusal of Amerisure's Proposed Instructions 2, 6A, 7, 9, 10, 12, 14, 15, and 17, as well as Amerisure's Proposed Special Interrogatory Verdict Form. It contends that the jury instructions misled the jury

and that Roll Service's Instruction 10, in particular, invited the jury to speculate as to damages beyond what was provided for in the policy.

"When determining whether a new trial is warranted because of improper jury instructions[,] we ask 'whether the instructions, when considered in their entirety and not in isolation, were sufficient to inform the jury of the applicable law.'" *Reed v. Union Pac. R.R. Co.*, 185 F.3d 712, 715 (7th Cir. 1999) (quoting *Spiller v. Brady*, 169 F.3d 1064, 1066 (7th Cir. 1999)).

Roll Service elicited testimony that showed that the damaged oven had not been replaced with an oven of "similar quality". It was undisputed that Amerisure had not paid any claims made by Roll Service after an oven that was designed to be of "similar quality" had been delivered. The jury was instructed:

> 700.13 CONTRACTS – DAMAGES – BREACH OF CONTRACT
> If you decide for Roll Service, Inc. on its claim for breach of contract, you must fix the amount of money which will reasonably compensate Roll Service, Inc. for all loss naturally arising from the breach. In calculating Roll Service's damages, you should determine that sum of money that will put Roll Service, Inc. in as good a position as it would have been in if both Roll Service and Amerisure had performed all of their promises under the contract.
>
> The elements of damage claimed by Roll Service, Inc. in this case are:
>
> The loss of business income sustained by Roll Service, Inc. during the period of interruption of business operations including all income which would have been earned, and normal operating expenses.
>
> Whether any of these elements of damages have been proved by the evidence is for you to determine.

"The proper measure for damages in a breach of contract case . . . is the amount which will place the plaintiff in the position he would have occupied had the contract been performed." *Alimissis v. Nanos*, 171 Ill. App. 3d 1005, 1010 (1988). Roll Service's Instruction 10 is Illinois Pattern

Instruction 700.13 and fairly states Illinois law regarding damages for breach of contract. Compensatory damages are those that fairly, reasonably, and naturally arise from the breach of contract. *Madigan Bros. v. Melrose Shopping Ctr.*, 198 Ill. App. 3d 1083 (1990).

The instructions to the jury accurately state the law and were sufficient to inform the jury of the applicable law. Thus, there was no substantial error that denied Amerisure of a fair trial; and, therefore, Amerisure's Motion for a New Trial is denied on this ground.

*Motion for Remittitur*

Finally, Amerisure moves for remittitur of the jury award, arguing that there is no rational connection between the evidence on damages and the verdict. A jury has wide discretion in determining damages, and a court may vacate a jury's verdict on the ground of excessiveness only when the award is "monstrously excessive" or the award has "no rational connection to the evidence." *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 756 (7th Cir. 2002). As was discussed in greater detail earlier throughout this opinion, there was a rational connection between the award and the evidence. Furthermore, the Court does not find the award "monstrously excessive". Therefore, Amerisure's Motion for Remittitur is denied.

## CONCLUSION

For the reasons stated herein, Amerisure Insurance Company's Renewed Rule 50 Motion for Judgment After Trial, or in the Alternative, for a New Trial is denied.

**IT IS SO ORDERED.**

Date: June 26, 2003

John W. Darrah, Judge
United States District Court