## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 5292 | DATE | 7/1/2003 |
| CASE TITLE | AMERISURE INSURANCE COMPANY vs. ROLL SERVICE, INC. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Roll Service, Inc.'s motion for costs is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 02 2003 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| LG courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERISURE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 01 C 5292 |
| v. ) | |
| ) | Honorable John W. Darrah |
| ROLL SERVICE, INC. ) | |
| ) | **DOCKETED** |
| Defendant. ) | JUL 02 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Amerisure Insurance Company ("Amerisure"), filed a single-count complaint against Defendant, Roll Service, Inc. ("Roll Service"), seeking a declaration limiting its liability under an insurance policy. A jury trial was held; and the jury returned a verdict in favor of Roll Service, awarding Roll Service $830,000.00 in damages. Roll Service, pursuant to Federal Rule of Civil Procedure 54(d), has filed a Motion for Costs.

Amerisure argues that Roll Service's Motion for Costs should be denied because Roll Service (1) failed to file a bill of costs with the Clerk, (2) failed to verify its Itemization of Costs as required by 28 U.S.C. § 1924, and (3) seeks costs which are not authorized by 28 U.S.C. § 1920.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to



overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. Costs may also be denied if the prevailing party engaged in misconduct that is worthy of a penalty. *Weeks*, 126 F.3d at 945.

Roll Service seeks $4,755.40 in costs for depositions of David Heerenga, Tanya Ellison, Clifford Nelson, Daniel Scannell, Frederick Jensen, Kevin Antonishen, Harold V. Meyer, Phillip Gasparac, and David Hausch by McCorkle Court Reporters. Roll Service does not state whether the costs claimed are for copies of deposition transcripts or for court reporter attendance fees. Roll Service has not included any invoice statements about the hourly rate of the court reporter or the length of the depositions or transcripts.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party.

Since Roll Service does not explain whether original or copies of transcripts were obtained, at what rate such transcripts, if any, were made, and has attached no invoices, the Court is unable to determine whether such fees were reasonable or permitted under the guidelines established by the Judicial Conference. Therefore, $4,755.40 in fees will not be allowed.

Roll Service also seeks $615.52 in document copying fees for Jensen Oven Records from Amerisure, Hausch Records from Amerisure, and Amerisure Exhibits. Roll Service does not state how many copies of each document were made, how many pages were in each document, at what

rate the duplication was billed, or to whom the copies were sent.

A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Based on the information that has been furnished by Roll Service, it cannot be determined whether the copies were reasonably necessary for use in the case, how many pages were copied, or whether the cost of the copies were reasonable. Therefore, $615.15 in duplicating costs will be disallowed.

Roll Service also seeks $2,068.54 in costs for Westlaw research charges. Amerisure argues that these charges are not recoverable costs under § 1920. "Computer-assisted research fees – so long as reasonably incurred – in theory reduce the number of attorney hours otherwise needed for (presumably) more time-consuming manual research and are therefore compensable. It is, of course, within the judge's discretion to find the expenses unreasonably incurred." *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 976 (7th Cir. 1991). However, from the information provided by Roll Service, it cannot be determined whether this expense was reasonably incurred. Therefore, $2,068.54 in fees for Westlaw research charges will be disallowed.

Roll Service seeks $340.50 in attorney travel expenses for airfare to attend depositions of Kevin Antonishen and Tanya Ellison and parking fees incurred while attending those depositions. Amerisure argues that travel expenses are not recoverable expenses under § 1920. Such expenses are not recoverable as costs. *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975) (citations omitted). Moreover, such expenses are not listed as a recoverable cost in § 1920. Therefore, $340.50 will be disallowed.

For the reasons stated above, Roll Service, Inc.'s Motion for Costs is denied.

Dated: July 1, 2003

JOHN W. DARRAH
United States District Judge